IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                                    CIVIL ACTION NO.   1:22cv99 LG-RPM

$40,000.00 UNITED STATES CURRENCY                                               DEFENDANT PROPERTY

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its United States Attorney and the undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified Complaint for Forfeiture *in rem,* in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action by the United States seeking forfeiture of $40,000.00 U.S. Currency, seized on November 1, 2021, from Nathan Lavel Duckworth (the "defendant property"). The defendant property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. §§ 981(a)(1)(A) and (C), and 31 U.S.C. §§ 5317 and 5332(c) because the defendant property is involved in or constitutes the proceeds of drug trafficking and was being transmitted by courier, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy), 18 U.S.C. § 1956(a)(1) (money laundering), 18 U.S.C. § 1956(h) (money laundering conspiracy), 31 U.S.C. §§ 5324(c) (structuring) and 5332 (bulk cash smuggling), and/or 18 U.S.C. § 1960 (unlicensed money transmitting businesses).

## THE DEFENDANT IN REM

2. The defendant property consists of $40,000.00 in U.S. Currency, seized from Nathan Lavel Duckworth, by the U.S. Drug Enforcement Administration on November 1, 2021, in Pass Christian, Mississippi, within the Southern District of Mississippi, Southern Division.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4. Venue is proper in the Southern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because the acts and/or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the defendant property was found and seized in this District.

## BASIS FOR FORFEITURE

5. The defendant property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. §§ 981(a)(1)(A) and (C), and 31 U.S.C. §§ 5317 and 5332(c) because the defendant property is involved in or constitutes the proceeds of drug trafficking and was being transmitted by courier, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy), 18 U.S.C. § 1956(a)(1) (money laundering), 18 U.S.C. § 1956(h) (money laundering conspiracy), 31 U.S.C. §§ 5324(c) (structuring) and 5332 (bulk cash smuggling), and/or 18 U.S.C. § 1960 (unlicensed money transmitting businesses).

6. The Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and 21 U.S.C. § 881 make subject to forfeiture to the United States any proceeds derived, and any facilitating property, from any knowing violation of 21 U.S.C. §§ 841(a)(1), 846, and 848, which is drug distribution, drug conspiracy, and continuing criminal enterprise.

7. Title 18, United States Code, Section 981(a)(1)(A), makes subject to forfeiture to the United States any property, real or personal, involved in a transaction or attempted

transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960, or any property traceable to such property.  Title 18, United States Code, Section 981(a)(1)(C), makes subject to forfeiture to the United States any property, real or personal, which constitutes or is traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense.

8. Title 31, United States Code, Section 5317(c)(2)(A), makes subject to forfeiture to the United States any property involved in a violation of 31 U.S.C. §§ 5313, 5316, or 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.  Title 31, United States Code, Section 5332(c)(1), makes subject to forfeiture to the United States any property involved in a violation of 31 U.S.C. § 5332(a), or a conspiracy to commit any such violation, and any property traceable to such violation or conspiracy.

9. Both 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f) provide that all right, title, and interest in property described in 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a) shall vest in the United States upon commission of the act giving rise to forfeiture under 21 U.S.C. § 881 and 18 U.S.C. § 981.

## FACTS AND CIRCUMSTANCES

10. A detailed account of the facts and circumstances of the seizure at issue, and the basis for this instant forfeiture action, is set out in the Declaration of DEA Task Force Officer Robert W. Drace, attached hereto as Exhibit "A" and fully incorporated herein by reference.

## CLAIM FOR RELIEF

11. Plaintiff United States requests that the Clerk of Court for the U.S. District Court for the Southern District of Mississippi issue an Arrest Warrant *in rem* for the arrest of the defendant property under Supplemental Rule G(3)(b), which the United States will execute upon

the defendant property located in the custody of the DEA under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

12.     Plaintiff United States prays that process issue to enforce the forfeiture of the defendant property and that all persons having an interest in the defendant property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant property to the United States for disposition according to law and that this Court grant the United States such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

**RESPECTFULLY SUBMITTED**, this the 21st day of April 2022.

>       UNITED STATES OF AMERICA
>
>       DARREN J. LAMARCA
>       United States Attorney
>
> By:   *s/ Clay B. Baldwin*
>       CLAY B. BALDWIN (MSB 103478)
>       Assistant United States Attorney
>       501 East Court Street, Suite 4.430
>       Jackson, MS 39201
>       Telephone:  (601) 965-4480
>       Fax:  (601) 965-4035
>       Email:  clay.baldwin@usdoj.gov

## **VERIFICATION**

I, Robert W. Drace, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the Drug Enforcement Administration (DEA), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a DEA Task Force Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this the 21st day of April 2022,

                                              ROBERT W. DRACE
                                              Task Force Officer
                                              Drug Enforcement Administration