IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

v.                                                              CAUSE NO. 1:22CV99-LG-RPM

**$40,000.00 UNITED STATES**
**CURRENCY**                                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING THE UNITED STATES' MOTION TO STRIKE CLAIM AND ANSWER, FINDING AS MOOT THE UNITED STATES' MOTION FOR MORE DEFINITE ANSWER, AND GRANTING CLAIMANT'S MOTION TO AMEND ANSWER AND CLAIM

**BEFORE THE COURT** are the Government's [12] Motion to Strike Claim and Answer, or, in the Alternative, Motion for a More Definite Answer and the Claimant, Nathan Lavel Duckworth's [16] Motion to Amend Answer and Claim. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Government's Motion to Strike Duckworth's Claim and Answer should be denied. Duckworth's Motion to Amend his Answer and Claim is granted. The Government's Motion for More Definite Answer is moot.

### BACKGROUND

On April 21, 2022, the Government filed a [1] Verified Complaint seeking forfeiture of $40,000.00 of United States currency that was seized from Duckworth during a traffic stop on November 1, 2021. The Government claims that the defendant property is subject to forfeiture because:

> the property [was] involved in or constitutes the proceeds of drug trafficking and was being transmitted by courier in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy), 18 U.S.C. § 1956(a)(1) (money laundering), 18 U.S.C. § 1956(h) (money laundering

conspiracy), 31 U.S.C. §§ 5324(c) (structuring) and 5332 (bulk cash smuggling) and/or 18 U.S.C. § 1960 (unlicensed money transmitting businesses).

(Compl. at 1, ECF No. 1). The Government's factual allegations are included in a Declaration signed by DEA Task Force Officer Robert W. Drace. (Compl., Ex. A, ECF No. 1-1). The Declaration is incorporated into the Verified Complaint by reference. (Compl. at 3 (¶10), ECF No. 1).

Duckworth was served with a copy of the Verified Complaint on April 25, 2022 via Federal Express. (Proof of Service, ECF No. 11). After receiving an extension of time, Duckworth filed a Verified Claim on May 27, 2022. (Claim, ECF No. 6). Duckworth's attorney filed an Answer on Duckworth's behalf on June 14, 2022. (Answer, ECF No. 7). The Answer was signed by Duckworth under penalty of perjury, but Duckworth's attorney did not sign the Answer as required by Fed. R. Civ. P. 11. As a result, the Clerk of Court disregarded the docket entry concerning the Answer and advised Duckworth's attorney to sign the Answer and re-file it. (6-15-2022 Docket Annotation). Duckworth's attorney re-filed the Answer on June 20, 2022, with all required signatures.

The Government filed the present [12] Motion to Strike Duckworth's Claim and Answer, or in the Alternative Motion for More Definite Answer on July 5, 2022. Duckworth filed a response to the Motion as well as a Motion seeking permission to

amend his Answer and Claim.  Duckworth also filed a Motion to Dismiss the Government's Verified Complaint, but that Motion is not yet ripe for consideration.[1]

## DISCUSSION

### I.  THE GOVERNMENT'S MOTION TO STRIKE DUCKWORTH'S CLAIM AND ANSWER DUE TO THE UNTIMELINESS OF HIS ANSWER

Supplemental Rule G(5) provides that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within twenty-one days after filing the claim."  Fed. R. Civ. P. Supp. R. G(5)(b).  Supplemental Rule G(8) authorizes the Government to move to strike a claim or answer, at any time before trial, based upon a claimant's failure to comply with this deadline for filing a responsive pleading.  Fed. R. Civ. P. Supp. R. G(8)(c).  Such a motion "may be presented as a motion for judgment on the pleadings or as a motion to determine . . . by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B).

Generally, strict compliance with the deadlines established by Supplemental Rule G(5) is required.  *United States v. Land, Real Prop. Located at 1369 Madrid St., New Orleans, LA 70122*, No. CV 20-2406, 2021 WL 5232472, at *2 (E.D. La. Nov. 10, 2021).  However, a court has discretion to excuse a claimant's procedural

---

[1] Any motion to strike a claim or answer must be decided before any motion to dismiss filed by the claimant.  Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A).  In addition, Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that the Government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until twenty-one days after the claimant has answered special interrogatories propounded by the Government.  Fed. R. Civ. P. Supp. R. G(6)(c).

default in "the appropriate circumstances or where certain mitigating factors are present." *United States v. $100,641.06 U.S. Currency*, No. CIV. A. 13-5566, 2014 WL 6896035, at *5 (E.D. La. Dec. 8, 2014). If the failure to comply with Rule G is based on the timing of the filing, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *United States v. $48,880, more or less*, No. 6:15-CV-364-RP, 2017 WL 1493705, at *3 (W.D. Tex. April 26, 2017) (citing Fed. R. Civ. P. 6(b)(1)(B)); *see also* Fed. R. Civ. P. Supp. R. G(5)(a)(ii) ("Unless the court for good cause sets a different time. . . ."). The Fifth Circuit has explained that the determination of whether a party has demonstrated excusable neglect

> "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." . . . These include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524-25 (5th Cir. 2021) (quoting *Pioneer Inv. Servs Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 382 (1993)). Some courts have held that a claimant's "'failure to present any evidence demonstrating a good faith attempt to file an [answer] on time, detrimental reliance on government misinformation, or expense of considerable resources preparing [the] case for trial, weighs heavily in the Court's decision to not exercise its discretion.'" *United States v. $100,641.06 U.S. Currency*, 2014 WL 6896035, at *5 (quoting *United States v. $2,857.00*, 754 F.2d 208, at *4 (5th Cir. 1985)). Courts have also considered "whether the [claimants] advised the court and the government of their

interest in the property before the claim deadline." *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 207 (6th Cir. 2005); *see also United States v. $125,938.62*, 370 F.3d 1325, 1330 (11th Cir. 2004) (holding that a "district court abused its discretion in disallowing [a] Second Amended Verified Claim" when "[t]he government was on notice as to [the] identities" of the claimants and any prejudice to the government in allowing an extension would be minimal).

In the present case, Duckworth's verified claim was timely; thus, the Government and the Court were advised of his interest in the property. Duckworth's original answer was timely filed, but it was stricken from the record due to an error made by his attorney. Duckworth's attorney filed a corrected answer five days after he was informed of the error. As a result, this corrected answer was filed three days after the deadline established by Supplemental Rule G(5).[2] Although the Government makes a passing reference to prejudice in its reply, it has not specified how it was prejudiced by this delay and the Court has not been able to find any indication of prejudice in the record.

Given that the delay was very brief, the Government has not specified any prejudice and Duckworth made a good faith attempt to file a timely answer, the Court will exercise its discretion to excuse Duckworth's filing of an untimely answer. The Government's Motion to Strike Duckworth's Claim and Answer on the basis of timeliness is denied.

---

[2] As explained previously, Duckworth's claim was filed on May 27, 2022, and his corrected answer was filed twenty-four days later, on June 20, 2022. Supplemental Rule G(5) requires that the answer be filed twenty-one days after the verified claim.

## II.  THE PARTIES' MOTIONS RELATED TO THE ANSWER'S FAILURE TO COMPLY WITH FED. R. CIV. P. 8

The Government also argues that Duckworth's Claim and Answer should be stricken because Duckworth's answer did not comply with the requirements of Fed. R. Civ. P. 8(b).

> Supplemental Rule G(b)(5) does not address the required contents of the answer, so Rule 8(b) of the Federal Rules of Civil Procedure applies.  Rule 8(b)(1) states that a party responding to a pleading must state in short and plain terms its defenses to each claim asserted against it" and admit or deny the allegations asserted against it.  Rule 8(b)(2) governs denials, requiring that "a denial must fairly respond to the substance of the allegation.  Rule 8(b)(3) states that a party that intends in good faith to deny all the allegations of a pleading — including the jurisdictional grounds — may do so by a general denial.

*Land, Real Prop. Located at 1369 Madrid St., New Orleans, LA 70122*, 2021 WL 5232472, at *2 (internal citations and quotation marks omitted).

Duckworth's Answer raises two affirmative defenses — an innocent owner defense and an unconstitutional search defense.  However, Duckworth does not admit or deny any of the allegations in the Verified Complaint or its supporting Declaration.  The Government argues that Duckworth has not given the Government "reasonable notice of the parts of the Complaint that Duckworth intends to put in issue . . . ."  (Gov't Mot. at 3, ECF No. 13).  As a result, the Government asks the Court to strike Duckworth's Answer, or in the alternative, to order him to provide a more definite answer.  Duckworth has moved for permission to file an amended answer and claim.

For forfeiture pleadings, "[a]s with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure

the defects under Rule 15." Fed. R. Civ. P. Supp. R. G(8)(c) advisory committee's note to 2006 adoption; *see also United States v. $9,800.00, More or Less, in United States Currency*, No. 1:20-CV-194-RP, 2020 WL 13281781, at *2 (W.D. Tex. Dec. 21, 2020) (explaining that Fed. R. Civ. P. 15 applies to substantive defects in an answer, but Fed. R. Civ. P. 6(b) applies to untimely answers).

Rule 15 provides, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though this is a 'generous standard,' 'leave to amend can be properly denied when there is a valid justification,' such as undue delay, bad faith, and dilatory motive." *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022) (quoting *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020)). The Court finds that there is no valid justification for denying Duckworth's request for leave to amend his answer and claim, and the Government has not specified any reason for denying Duckworth's request to amend. Duckworth's Motion to Amend is granted. Duckworth is ordered to file an amended claim and answer that comply with Supplemental Rule G and Fed. R. Civ. P. 8(b) no later than September 22, 2022. The Government's Motion for More Definite Answer is moot since the Court has granted Duckworth permission to amend his answer.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Strike Duckworth's Answer and Claim is denied. Duckworth's Motion to Amend Answer and Claim is granted, and the Government's Motion for a More Definite Answer is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that United States of America's [12] Motion to Strike Claim and Answer is **DENIED** and its [12] Motion in the Alternative for a More Definite Answer is **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Claimant, Nathan Lavel Duckworth's [16] Motion to Amend Answer and Claim is **GRANTED**. Duckworth is ordered to file an amended answer and claim that comply with Fed. R. Civ. P. Supp. R. G and Fed. R. Civ. P. 8(b) no later than September 22, 2022.

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE