IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                      CIVIL ACTION NO.    1:22-cv-99-LG-RPM

$40,000.00 U.S. CURRENCY                          DEFENDANT PROPERTY

## DEFAULT JUDGMENT OF FORFEITURE

Before the Court is Plaintiff United States of America's Motion for Default

Judgment of Forfeiture [31].  Having considered the motion and the relevant

authorities, the Court finds that the relief the United States seeks should be

granted.  The Court further finds and adjudicates as follows:

1.      On April 21, 2022, the United States filed a Verified Complaint for

Forfeiture *in Rem* [1] and sought forfeiture of assets seized from Nathan Lavel

Duckworth (the "Defendant Property"):

| 22-DEA-685075 | $40,000.00 U.S. Currency |
|---|---|

The complaint alleged that the Defendant Property is subject to forfeiture under 21

U.S.C. § 881, for violations of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug

conspiracy), 18 U.S.C. § 981(a)(1)(A) and (C), for violations of 18 U.S.C. §§

1956(a)(1) and (h) (money laundering and money laundering conspiracy) and 1960

(unlicensed money transmitting business), and 31 U.S.C. §§ 5317 and 5332(c), for

violations of 31 U.S.C. §§ 5324(c) (structuring) and 5332 (bulk cash smuggling).  On

April 22, 2022, the United States filed an Application for Warrant of Arrest *in Rem*

[3], which the Clerk of Court issued the same day.  Warrant of Arrest *in Rem* [4].

2.      Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, the United States mailed direct,

written notice of this instant civil asset forfeiture action against the Defendant

Property, including copies of the Verified Complaint for Forfeiture *in Rem* [1] and

Notice of Complaint for Forfeiture [2] to all potential claimants reasonably known to

the United States, as evidenced by the United States' Proof of Service [11], filed

with this Court on July 1, 2022.

3.      From April 23, 2022, through May 22, 2022, the United States

published for thirty (30) consecutive days on an official government internet website

at www.forfeiture.gov notice of this instant civil asset forfeiture action against the

Defendant Property, as evidenced by the Proof of Publication [10] filed on July 1,

2022.

4.      The aforementioned publication and direct notices informed

Duckworth (directly and through his then-attorneys) and Avis Budget Group, and

all other persons or entities, known or unknown, having or claiming an interest in

the Defendant Property that the Defendant Property had been arrested and that

this instant civil forfeiture action was pending.  *See* Notice of Compl. for Forfeiture,

ECF No. 2.  The publication and direct notices also informed said persons and

entities that any persons or entities having or claiming an interest in the Defendant

Property had at least thirty-five (35) days after the plaintiff mailed its written,

direct notice, or sixty (60) days after the first publication of notice on an official

government website, to file a claim and twenty-one (21) days after filing such claim

2

to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and warned that if this Supplemental Rule were not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

5.      Aside from Duckworth/Building Bridges, Inc.'s now-stricken Claim [6], and Building Bridges Entertainment, Inc.'s now-stricken Answer [22], as of this date no claims, answers, or appearances in this cause asserting an interest in the Defendant Property, or otherwise defending against this forfeiture action have been filed by any other person or entity.  Thus, the time for any other person or entity to file a valid claim or answer in this action has lapsed pursuant to Rule G of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions.

6.      As such, Duckworth/Building Bridges, Inc. and Building Bridges Entertainment, Inc. and all other possible claimants are in total default; the Clerk of Court's December 8, 2022, Entry of Default [30] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Duckworth/Building Bridges, Inc. and Building Bridges Entertainment, Inc. and all other persons and entities in the Defendant Property, all without the necessity of further notice to Duckworth/Building Bridges, Inc. and Building Bridges Entertainment, Inc. or any other person or entity.

**IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:**

a.       The United States of America's Motion for Default Judgment of Forfeiture [31] is **GRANTED**.  The United States of America is hereby given a default judgment of forfeiture against the full interests of Duckworth/Building Bridges, Inc. and Building Bridges Entertainment, Inc. and all other person and entities in the Defendant Property:

| 22-DEA-685075 | $40,000.00 U.S. Currency |
|---|---|

b.       Any administrative claims or interests therein of any entities or persons, and any other possible claimant are hereby canceled; and

c.       The Defendant Property is referred to the custody of United States Marshals Service for disposition in accordance with the relevant law and regulations.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2022.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge